OA Holding Co., LLC v Weld N. Ventures LLC (2019 NY Slip Op 05333)





OA Holding Co., LLC v Weld N. Ventures LLC


2019 NY Slip Op 05333


Decided on July 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2019

Richter, J.P., Tom, Gesmer, Kern, Moulton, JJ.


9794 652169/16

[*1]OA Holding Company, LLC, Plaintiff-Appellant,
v
Weld North Ventures LLC, Defendant-Respondent.


Peter M. Agulnick, P.C., Manhasset (Peter M. Agulnick of counsel), for appellant.
Sher Tremonte LLP, New York (Mark Cuccaro of counsel), for respondent.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered March 30, 2018, which, insofar as appealed from as limited by the briefs, granted defendant's motion to dismiss the claim for breach of the redemption warranty, unanimously affirmed, without costs.
Plaintiff brings suit for breach of a Unit Purchase Agreement (UPA), pursuant to which it purchased 100% of the membership interests in nonparty Organic Avenue, LLC (Organic) from defendant and others. Plaintiff alleges that defendant breached its warranty that "neither [Organic] nor any of its subsidiaries has any obligation (contingent or otherwise) to purchase, redeem or otherwise acquire any equity securities or any interest therein."
This claim was properly dismissed. Defendant warranted in the UPA that Organic and its subsidiaries had no obligation to purchase or redeem shares, but made no representations whatsoever with respect to its own obligations to do so. It is thus immaterial that Organic's Fourth Amended and Restated Limited Liability Company Operating Agreement obligated defendant to offer to purchase certain shares. Although the agreement permitted defendant to fulfill this obligation by causing Organic to make a purchase offer, this did not create any obligation (even a "contingent or otherwise" obligation) on the part of Organic itself, and the obligation still belonged to defendant alone (see generally Greenfield v Philles Records , 98 NY2d 562, 569-570 [2002]).
The allegations made in a related action by another member of Organic do not support plaintiff's claim, as even that member did not allege that Organic breached the redemption obligation, asserting such claims only against the instant defendant.
In view of the foregoing, we need not reach the parties' arguments with respect to the adequacy of plaintiff's damages allegations.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2019
CLERK